**In re PIZZA PRONTO, INC., Debtor.**

**TAMBAY TRUSTEE; Terry E. Smith, Plaintiffs–Appellants,**

v.

**PIZZA PRONTO, Defendant–Appellee.**

**No. 92–2217**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 2, 1992.

Jary C. Nixon, Tampa, Fla., for plaintiffs-appellants.

No counsel listed for defendant-appellee.

Appeal from the United States District Court for the Middle District of Florida.

Before FAY and ANDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

This is an appeal of a decision by a bankruptcy judge, affirmed by the district court, holding that the liquidating trustee in a Chapter 7 bankruptcy was not required to file income tax returns or pay income taxes on income of the estate.

The trustee applied for an order from the bankruptcy court to authorize the appointment of a certified public accountant to file income tax returns for the estate. The court granted the motion and a tax accountant was employed. After completing the work, the accountant made application for the payment of his fees. By that time, the bankruptcy judge had decided that a liquidating trustee under a Chapter 7 bankruptcy was not required to pay income taxes. He, therefore, denied the request. On appeal, the district court affirmed the bankruptcy judge's order. The district court relied on *In re Holywell Corp.*, 911 F.2d 1539 (11th Cir.1990), for its decision that a liquidating trustee under a Chapter 7 proceeding was not required to pay income taxes.

In *Holywell*, we held that such a liquidating trustee was not required to pay income taxes. In making that determination, we construed Section 6012 of the Internal Revenue Code, which provides:

> Persons required to make returns of income
>
> (b)(3) In a case where a receiver, trustee in a case under title 11 of the United States Code, or assignee, by order of a court of competent jurisdiction, by operation of law or otherwise, has possession of or holds title to all or substantially all of the property or business of a corporation, whether or not such property or business is being operated, such receiver, trustee, or assignee shall make the return of income for such corporation in the same manner and form as corporations are required to make such returns.

26 U.S.C. § 6012(b)(3).

Appellant now points out that *Holywell* has been reversed by the Supreme Court. *See Holywell v. Stanton Smith*, —— U.S. ——, 112 S.Ct. 1021, 117 L.Ed.2d 196 (1991).

It is therefore clear now that the bankruptcy judge's original determination that he had authority to appoint the accountant was correct. Although the appellee has filed no brief in this appeal, we do not need such a brief to point out to us that we must now reverse the trial court's decision and remand the case for further proceedings in the bankruptcy court.

REMANDED for further proceedings not inconsistent with this opinion.